BAY STATE HARNESS HORSE RACING AND BREEDING
ASSOCIATION, INC. *vs.* STATE RACING COMMISSION.

Suffolk.    May 16, 1962. — July 3, 1962.

Present: WILKINS, C.J., SPALDING, CUTTER, & KIRK, JJ.

*Racing.    License.    State Administrative Procedure Act.*

Upon review under the State administrative procedure act, G. L. c. 30A, of two decisions by the State Racing Commission, one granting the petitioner a license for fifty-seven harness horse racing meetings but denying its application respecting an additional ten meetings, the other granting an alleged competitor of the petitioner a license for thirty-three meetings, which precluded granting the petitioner a license for the ten meetings because of the limitation in G. L. c. 128A, § 3 (j), on the aggregate number of meetings, it was held that the decisions were not "based upon an error of law" under c. 30A, § 14 (8) (c), by reason of a comparison by the commission, as an aspect of the public interest involved, of the size of the pari-mutuel handle of each track and the consequent commissions paid to the Commonwealth, or by reason of the commission's alleged failure to attach sufficient importance to the petitioner's probable economic loss from the denial of its application for the additional ten meetings where the commission found that "A racing meeting of 57 days has permitted . . . [the petitioner] to offer good quality racing, to maintain its plant and to increase its operating earnings."    [690]

One denied a license by the State Racing Commission for a certain number of harness horse racing meetings for which a license was granted to an alleged competitor was not, upon review under G. L. c. 30A, § 14, an "aggrieved" person with respect to the question whether the license granted to the competitor violated the requirement of c. 128A, § 2 (4) and § 3 (a), for holding meetings on "successive week days" by permitting suspension of racing on Thanksgiving Day, and had no standing to raise that question.    [690–691]

PETITION filed in the Superior Court on February 19, 1962.

The case was reported by *Paquet, J.*

*Claude B. Cross (John M. Reed* with him) for the petitioner.

*Edward O. Proctor (Austin Broadhurst* with him) for the intervener; *Leo Sontag,* Assistant Attorney General, for the respondent, also with him.

344 Mass. 688                                              689

Bay State Harness Horse Racing & Breeding Assn. Inc. *v.* State Racing Commn.

KIRK, J. A case involving the same subject matter for 1961 was remanded to the Superior Court by our decision under the same name, reported in 342 Mass. 694. A case relating to 1962 is now before us at the request of the parties on a report without decision by the judge under G. L. c. 214, § 31. The report incorporates the petition for review by the petitioner (Bay State) under G. L. c. 30A, § 14, the notice of intervention by the Eastern Racing Association, Inc. (Eastern) and the return of the respondent State Racing Commission (commission). The parties have agreed that the return of the commission is a true and complete return. It embraces all of the testimony received by the commission, the exhibits, and the findings and decision of the commission.

With the whole record before us, and having in mind the history of the case, we see no obstacle to our making a determination as to whether the return meets the requirements of law. G. L. c. 30A, §§ 11 (8), 14 (1), 15.

Our earlier decision stated that under c. 128A read in combination with c. 30A the commission was required to make adequate subsidiary findings of fact to support its decision and to demonstrate that the granting or denial of a license involved consideration of relevant aspects of the public interest. We also held that because of the mutually exclusive nature of applications by Bay State and by Eastern for licenses for 1961 racing,[1] procedures should be adopted by the commission which would afford an effective and fair comparative appraisal of the merits of the applications in the light of public interest.

The commission has fully complied with these mandates. The findings of the commission appear to us to be a complete and detailed analysis of the factors in licensed harness racing which affect the public interest, and to represent a fair comparative evaluation of the merits of the applications in the light of these factors.

[1] Under c. 128A, § 3 (j), harness racing is limited to ninety days in any one year. Bay State had applied for sixty-seven days and Eastern had applied for thirty-three days, thereby necessarily raising a dispute as to the award of ten days' racing. The present case involves similar applications by Bay State and Eastern for 1962, on which the commission granted Bay State a license for fifty-seven days and Eastern licenses for thirty-three days.

Bay State, nevertheless, contends that the commission's decision should be reversed because it is, "Based upon an error of law." G. L. c. 30A, § 14 (8) (c). In support of this contention Bay State advances various arguments none of which detains us long. (a) Although not made an important factor by the statute, it was not inappropriate for the commission to consider as an aspect of the public interest the comparative size of the pari-mutuel handle and the consequent commissions paid to the Commonwealth.

(b) Bay State argues on several grounds that the commission did not adequately render the requisite "fair treatment of the economic interests . . . and investments" of the applicants. It is sufficient to say that, as our former opinion indicated, the probable economic injury to Bay State from the deprivation of the disputed ten days of racing was relevant to the commission's decision only in so far as it, in turn, affected the ability of Bay State to maintain proper facilities for race meetings and to present good quality racing in the future. Beyond this the public interest in racing is not affected by, and therefore not concerned with, probable economic loss to Bay State. See *Carroll Bdcst. Co.* v. *Federal Communications Commn.* 258 F. 2d 440, 443–444 (Ct. App. D.C.), cited in our former opinion, 342 Mass. 694, 700. On this issue the commission found that, "A racing meeting of 57 days has permitted Bay State to offer good quality racing, to maintain its plant and to increase its operating earnings." There is no question that this finding is supported by substantial evidence in the record and by other subsidiary findings of the commission. It is determinative of the issue of economic injury to Bay State as this bears on the public interest.

(c) Finally, Bay State contends that the commission's decision involves a violation of c. 128A, § 2 (4) and § 3 (a) in that Eastern would be allowed to suspend racing on Thanksgiving Day in 1962.[2] Without intimating that there

---

[2] General Laws c. 128A, § 2 (4) provides that the application for a racing license shall state "The days on which it is intended to hold or conduct such meeting, which days shall be successive week days." General Laws c. 128A, § 3 (a) provides, "Such meeting shall be on a week day or on successive week days."

has been such a violation, we think Bay State has no standing to raise this question. Its determination would in no way affect the rights and interests of Bay State with respect to the award of the disputed ten days of racing. On this issue Bay State is not an "aggrieved" person within c. 30A, § 14.

As indicated, questions raised by Bay State as corollaries to the main issues have been considered, and give us no reason to arrive at a different result.

A decree is to be entered affirming the decision of the State Racing Commission. C. 30A, § 14 (8).

*So ordered.*